IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVERETT LEON STOUT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 1:12-CV-2052-MHS-JFK |
| | : | |
| v. | : | |
| | : | |
| S. PAYNE, Case Manager; and LEON | : | |
| GEE, Camp Administrator, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS
AND PRELIMINARY RESPONSE**

Petitioner Everett Leon Stout, an inmate at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), submitted a document entitled "Sworn Affidavit of Irrefutable Facts" initiating this action on June 13, 2012. (Doc. [1]). He claims that the respondents have refused to prepare halfway house papers for him and have demanded that he provide the name and address of family or friend to the Probation Officer for investigation. Id. The Court construed his submission as an attack on the execution of his sentence, which may be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. [2]). There is no demand for relief in Stout's petition, but it is presumed that he seeks completion of paperwork for possible placement at a halfway house. The respondent moves for dismissal of the petition because Stout has not exhausted administrative remedies for his claims.

**FACTS**

Everett Leon Stout currently is an inmate at USP Atlanta. He is serving a 151-month period of incarceration imposed by the United

States District Court for the Northern District of Alabama on May 14, 2004, following his conviction for Conspiracy to Commit Interstate Transportation of Stolen Motor Vehicles in violation of 18 U.S.C. § 371, Interstate Transportation of Stolen Motor Vehicles in violation of 18 U.S.C. § 2312, and Mail Fraud in violation of 18 U.S.C. §§ 841, 1341.  (Gov. Ex. 1).  He has a projected release date of February 19, 2013, assuming he receives all possible good conduct time through the end of his sentence and does not forfeit any accrued un-vested GCT.  (Gov. Ex. 2 ¶ 13 & Tab 1 p. 3).

Stout's initial RRC ("Residential Reentry Center," sometimes called "halfway house") review was conducted on or about September 22, 2011, resulting in a recommendation for RRC placement for one to 90 days.  (Gov. Ex. 2 ¶ 14 & Tab 4).  BOP staff have tried to assist Stout to obtain approval from the probation offices of his sentencing court and those for the Eastern and Western Districts of Arkansas to relocate his supervision and release to Arkansas.  (Gov. Ex. 2 ¶¶ 16-18 & Tabs 5, 6).  To obtain consideration of his request, the probation offices required that Stout provide a proposed residence for investigation.  The Western District of Arkansas Probation Office denied his request because the address he proposed was that of a co-defendant.  Id. at ¶ 18 & Tab 6.  The Eastern District denied his request because he failed to provide a proposed residence.  Id. at ¶ 17 & Tab 5.

Stout has filed 24 administrative remedies with the BOP.  (Gov. Ex. 2 ¶¶ 10-11 & Tab 3).  However, he has not filed any administrative remedies since June 15, 2010, more than 15 months

before his initial RRC review and recommendation for RRC placement for one to 90 days. (Gov. Ex. 2 ¶¶ 11, 14-15 & Tab 3). Stout has not submitted any administrative remedy requests at any level seeking relief concerning BOP staff's attempts to obtain a release address and contact to provide to probation officers of the district courts for districts in which Stout seeks to relocate upon his release. (Gov. Ex. 2 ¶ 11).

## ARGUMENT

### A.   Stout Failed to Exhaust Administrative Remedies

Stout complains that BOP staff allegedly have not properly completed documents related to his future release to a RRC because they have requested that he provide an address and contact for his planned residence. He concedes that this information has been requested to provide to probation officers employed by the district court. His petition must be denied at this time because he has failed to exhaust available administrative remedies with the BOP for his claim.

The Federal Bureau of Prisons makes available to all inmates a three level Administrative Remedy Program through which an inmate may seek formal review of any issue relating to his confinement, if informal resolution procedures fail to achieve sufficient results. 28 C.F.R. §§ 542.10 - 542.19. For matters other than Discipline Hearing Officer ("DHO") appeals (which are not applicable here), the administrative remedy process is begun[1] by filing a formal written

---

[1]   Before utilizing the formal administrative remedy process, a
(continued...)

Administrative Remedy Request on the appropriate form (form BP-9). 28 C.F.R. § 542.14. Once a response has been received, if the inmate is not satisfied with the response, he may submit an appeal using the appropriate form (form BP-10) to the Regional Director for the geographic region of the BOP within which the inmate is incarcerated. 28 C.F.R. § 542.15(a), (b). An inmate who is dissatisfied with the Regional Director's response may submit another appeal, using the appropriate form (form BP-11), to the BOP's General Counsel. 28 C.F.R. § 542.15(a). An appeal to the General Counsel is the final stage in the administrative remedy process. 28 C.F.R. § 542.15(a).[2]

All administrative remedies filed by an inmate, whether at the local level with the Warden, or at regional or national levels, must be logged into the BOP's Sentry computer database by which they are tracked. (Gov. Ex. 2 ¶ 9). Through this database, BOP staff may review, track, and print lists of every administrative remedy an inmate files. Id. The BOP has provided a list of all of Stout's administrative remedies, which reflects that he has not filed a remedy request at any level since June 10, 2010, more than 15 months before he was first reviewed for possible RRC placement, and that he has not filed any remedies regarding the claim asserted in his petition. (Gov. Ex. 2 ¶¶ 11, 14-15 & Tab 3).

---

[1](...continued)
prisoner must, subject to limited exceptions not applicable here, first seek informal resolution of his issue. 28 C.F.R. § 542.13(a).

[2]   The BOP's administrative remedy procedures are also described in Program Statement 1330.17. (Gov. Ex. 2 ¶¶ 5-8 & Tab 2).

Federal prisoners have long been required to exhaust all available administrative remedies before seeking habeas corpus relief. Merki v. Sullivan, 853 F.2d 599 (8th Cir. 1988); Perez-Perez v. Hanberry, 781 F.2d 1477 (11th Cir. 1986); Dufresne v. Baer, 744 F.2d 1543 (11th Cir. 1984); Hopper v. United States Parole Commission, 702 F.2d 842 (9th Cir. 1983); Page v. United States Parole Commission, 651 F.2d 1083 (5th Cir. 1981); Dorman v. Simpson, 893 F.Supp. 1073, 1083 (N.D.Ga. 1995). The Eleventh Circuit has treated exhaustion of administrative remedies provided by the BOP for resolution of inmate complaints as essentially a jurisdictional prerequisite to filing suit, United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (Requirement that inmate seeking credit against sentence for time in custody must exhaust administrative remedies is jurisdictional); accord United States v. Herrera, 931 F.2d 761 (11th Cir. 1991), United States v. Mitchell, 845 F.2d 951, 952 (11th Cir. 1988)(District Court lacks jurisdiction over prisoner's petition for sentence credit when he has not exhausted administrative remedies with BOP). The Eleventh Circuit has made clear that this exhaustion requirement applies to _all_ habeas corpus petitions brought by federal prisoners, Skinner v. Wiley, 355 F.3d 1293 (11th Cir. 2004).

The Eleventh Circuit revisited the issue of administrative exhaustion for habeas claims by federal prisoners in Martin v. Zenk, 244 Fed.Appx. 974, 2007 WL 2274566 (Aug. 9, 2007) (unpublished), and instructed that:

> Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.) ("[A] prisoner is

>. . . required to exhaust his administrative remedies in all habeas cases."), cert. denied, 541 U.S. 1036, 124 S.Ct. 2112, 158 L.Ed.2d 722 (2004). And this court has held that "[e]xhaustion of administrative remedies is jurisdictional." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)(holding that prisoner who was denied parole was required to exhaust administrative remedies before filing a § 2241 petition).

Martin, 244 Fed.Appx. at 977, 2007 WL 2274566 at 2.

The Eleventh Circuit Court of Appeals has identified several significant policies favoring exhaustion:

>(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)(citing Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir.[3]

---

[3] The Alexander court, while considering exhaustion in a Prison Litigation Reform Act context, was faced with a prisoner's challenge to the BOP's internal interpretation of a statute. In explaining the importance of exhaustion of administrative remedies, the court explained that
>the BOP frequently interprets and implements a general statute through more specific regulations and program statements. In this case, the Ensign Amendment does not define the term "sexually explicit," and the BOP adopted regulations and a Program Statement defining that term and applying it to various publications. During the administrative grievance process, the BOP could review its

(continued...)

In the instant case, Stout does not allege that he has properly exhausted all (or any) available administrative remedies for his claim, or that he has even started the administrative remedy process. Nor does he attempt to show grounds for relief from the exhaustion requirement. BOP records confirm that Brown has not exhausted administrative remedies at any level concerning his claim that he is entitled to relief from his assignment to administrative segregation. (Doc [1]). Therefore, Stout's petition must be dismissed for failure to exhaust administrative remedies before filing suit.

Some courts have found that because exhaustion in regard to habeas relief is judicially imposed, rather than a statutory requirement, it may be waived for § 2241 petitions where, for example, exhaustion is found to be futile. See e.g. Jones v. Zenk, 495 F.Supp.2d 1289, 1296-1300 (N.D. Ga. 2007)(reasoning that because the exhaustion requirement under § 2241 is judicially created, a court may grant a futility exception); Martinez v. Rathman, 2009 WL 212184 at 6 (S.D. Fla. 2009) ("Because the [§ 2241] exhaustion requirement is judicially fashioned, a court has discretion to waive the requirement in its sound judicial discretion." (citations omitted)). The Eleventh Circuit, however, has never held that there

---

[3](...continued)
    interpretation and correct any mistakes it might find before the federal judiciary became involved. Even if the BOP decided not to revise its interpretation and plan for implementing the Ensign Amendment, the BOP at least would be able to explain why it believed its interpretation properly construed the Ensign Amendment and satisfied constitutional standards.
Alexander v. Hawk, 159 F.3d at 1327.

is a futility exception to the exhaustion requirement in § 2241 cases. See Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. 2006) (unpublished) ("Given our precedent that the exhaustion requirement in § 2241 cases such as [petitioner's] is jurisdictional, whether he may even assert a futility exception to the requirement is questionable").

Even if the exhaustion requirement as applied to issues raised in prisoner habeas petitions may not implicate the court's subject matter jurisdiction, Skinner, Herrera, Lucas, Mitchell, Martin, and other cases discussed above make clear that the exhaustion requirement for § 2241 petitions is in fact strictly applied in this Circuit.  And in this case, even if a futility exception would be available, Stout has not shown grounds to excuse him from exhausting administrative remedies.

In sum, although petitioner is required to exhaust administrative remedies, Skinner v. Wiley, supra, he has failed to exhaust all of the remedies provided by the BOP.  His petition, therefore, should be dismissed, and petitioner should be required to exhaust administrative remedies before pursuing habeas corpus relief to challenge the manner in which BOP staff complete paperwork related to future RRC placement and the request by the Probation Office of the sentencing court for a release address and contact.

**B.    Stout Fails to State a Claim for Relief**

Although Stout's claim must be dismissed for failing to first exhaust administrative remedies provided by the BOP, the respondents provide a preliminary response to show that he has not stated a claim

for relief.  Even if Stout could avoid the requirement to exhaust administrative remedies before raising his claim in a habeas petition, he fails to state a claim.

Stout challenges a requirement that he provide an address and contact where he plans to reside upon release so that the Probation Office for his sentencing court can complete an investigation.  This is information required by the Probation Office concerning a possible change of supervising district court requested by Stout.  It is not clear whether the Probation Office would be a proper custodian for claims concerning service of supervised release.  However, if a probation officer could be deemed a proper respondent, Stout has not shown that the sentencing court transferred his future supervised release from the Probation Office under control of the sentencing court, 18 U.S.C. § 3602(a).  So only the Chief Probation Officer for the Northern District of Alabama would be a proper respondent in this case to the extent Stout challenges the Probation Office's requirement that he designate a release address and contact.  He has not named as a respondent the Chief United States Probation Officer for the Northern District of Alabama, and if he did, this court would lack jurisdiction over that court officer in another state.

Furthermore, it is questionable whether petitioner could ever bring his claim under 28 U.S.C. § 2241, because other statutory provisions govern supervised release and provide a procedure for seeking the relief from Probation Office supervision. Specifically, 18 U.S.C. § 3605 governs transfer of jurisdiction over a person on supervised release.  That section provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.[4] A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605. This statute makes clear that the sentencing court has jurisdiction over the supervised release portion of a sentence; that the sentencing court can permit the prisoner to proceed to another district upon release, with the concurrence of the court for the other jurisdiction; and that the sentencing court can at any time transfer jurisdiction over the person on supervised release to another district, with the concurrence of the court for the other jurisdiction. U.S. v. Ohler, 22 F.3d 857, 858-59 (9th Cir. 1994); U.S. v. Puckett, 10 F.3d 807, 1993 WL 455219, *1 (4th Cir. 1993). Accordingly, it does not appear that a challenge concerning requirements imposed by a supervising Probation Office could be made in a petition under 28 U.S.C. § 2241. However, if such a claim can be raised in a § 2241 petition, 18 U.S.C. § 3605 still limits jurisdiction over that issue to the sentencing court or such other court to which jurisdiction has been transferred pursuant to § 3605.

---

[4]   Stout has not shown that BOP staff refused to complete paperwork needed for his RRC placement in the Northern District of Alabama, where he must be released.  He only contests the requirement to provide information to his supervising Probation Office.  The BOP has no control over the Probation Office or any other court staff charged with investigating a prisoner's supervised release plan.  That Probation Office request is independent of the BOP staff's completion of BOP paperwork.

Since Stout appears to be challenging decisions of Probation Offices concerning his attempts to change his future supervision from Alabama to Arkansas, his claim must be presented to the sentencing court in the Northern District of Alabama under § 3605.  Therefore, he fails to state a claim for which habeas corpus relief can be granted by this court.

## CONCLUSION

Stout has failed to exhaust administrative remedies for his claims; this court does not have jurisdiction over the Probation Offices seeking the challenged information; his request for relief from Probation Office requirements is governed by 18 U.S.C. § 3605, which places jurisdiction in the sentencing court -- the Northern District of Alabama; and petitioner has not stated a cognizable claim under 28 U.S.C. § 2241.  Accordingly, petitioner's application for writ of habeas corpus should be denied and this action should be dismissed.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


s/ *R. David Powell*
R. DAVID POWELL
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 586450

600 RICHARD RUSSELL BUILDING
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
Voice:     (404) 581-6000
Facsimile: (404) 581-4667

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVERETT LEON STOUT, | : CIVIL ACTION |
| Plaintiff, | : NO. 1:12-CV-2052-MHS-JFK |
| v. | : |
| S. PAYNE, Case Manager; and LEON GEE, Camp Administrator, | : |
| Defendant. | : |

### CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

                                        s/ *R. David Powell*
                                        R. DAVID POWELL
                                        ASSISTANT U.S. ATTORNEY
                                        GEORGIA BAR NO. 586450

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

EVERETT LEON STOUT,                 : CIVIL ACTION
                                    :
       Plaintiff,                   : NO. 1:12-CV-2052-MHS-JFK
                                    :
       v.                           :
                                    :
S. PAYNE, Case Manager; and LEON    :
GEE, Camp Administrator,            :
                                    :
       Defendant.                   :

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and that I have mailed the document by United States Postal Service to the following non-CM/ECF participant[s]:

        Everett Leon Stout
        # 23867-001
        USP Atlanta
        P.O. Box 150160
        601 McDonough Boulevard, S.E.
        Atlanta, GA 30315

    This  7th  day of November, 2012.

                                  s/ *R. David Powell*
                                  R. DAVID POWELL
                                  ASSISTANT U.S. ATTORNEY
                                  Georgia Bar No. 586450